IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NATIONSTAR MORTGAGE LLC D/B/A §
CHAMPION MORTGAGE COMPANY, §
 §
    Plaintiff, § Civil Action No. 4:15-cv-00455
v. §
 §
ROBERT E. BAKER, MARY JILL §
BAKER, and ALL OTHER OCCUPANTS §
OF 3935 SPINNAKER RUN POINT §
LITTLE ELM, TX 75068, §
 §
    Defendants. §

### **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Plaintiff's Motion to Remand (Dkt. 7), Defendant's response, and Plaintiff's reply. As set forth below, the Court finds that the motion to remand should be GRANTED.

This case involves an expedited foreclosure proceeding under Texas Rule of Civil Procedure 736 filed by Plaintiff Nationstar in the 211th Judicial District Court for Denton County, Texas on April 28, 2015 in which Plaintiff requested foreclosure relating to a home-equity loan secured by the real property located at 3935 Spinnaker Run Point, Little Elm, Texas 75068 (the "Property"). *Pro se* Defendant Mary Baker removed the case to this Court on July 6, 2015, arguing that the Court had diversity jurisdiction over Plaintiff's claims (*see* Dkt. 1).

Having reviewed the record before it, the Court finds that the case should be remanded.

**STANDARD**

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

**ANALYSIS**

The Court first looks at the date the motion to remand was filed to determine what issues are properly before the Court. "A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. §1447(c). Here, Defendant filed her notice of removal on July 6, 2015. *See* Dkt. 1. Plaintiff did not file its motion to remand until August 6, 2015 – 31 days after the case was removed.

"[A] district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following filing." *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995).

Therefore, Plaintiff has waived any procedural defects (of which there appear to be many)[1] in Defendant's removal because they were not raised within 30 days of removal. *Id.*

But, that does not end the Court's analysis. Plaintiff has argued that there is no diversity jurisdiction here because it is a Texas citizen for purposes of the Court's diversity jurisdiction. If there is a defect in the Court's jurisdiction, a plaintiff may file a motion to remand at any time and the Court can remand the case at any time if it determines that it lacks jurisdiction over a plaintiff's claims. *See* 28 U.S.C. §1447(c).

In her notice of removal, *Pro se* Defendant Mary Jill Baker lists a Little Elm, Texas address as her residence. Dkt. 1 at 2. Defendant further alleges in her response to the motion to remand that "Defendant ROBERT E. BAKER & MARY JILL BAKER et al. were, the time of the filing of this action, have been at all times since, and still are individual resident citizens of the State of Texas." Dkt. 8 at 3; *see also* Dkt. 8 at 5. Therefore, Defendants are considered citizens of Texas for diversity purposes.

The civil cover sheet attached to Defendant's Notice of Removal states that Plaintiff Nationstar Mortgage LLC is a citizen of Clinton, Michigan. *See* Dkt. 1-5. In its motion to remand, however, Plaintiff argues that Defendant has incorrectly stated its citizenship. Plaintiff claims that it is a citizen of Delaware and Texas for diversity purposes.

---

[1]The procedural defects appearing on the face of the record include the following: the removal was not timely as it appears that the suit was removed more than 30 days after receipt by Defendant of the pleadings in violation of 28 U.S.C. § 1446(b); the case was removed by a forum Defendant in violation of 28 U.S.C. § 1441(b) and the "forum defendant rule;" and the record contains no evidence regarding whether Robert E. Baker or other Defendants consented to the removal, as is required by 28 U.S.C. § 1446(b)(2)(A).

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Thus, the Court turns to whether Defendant has shown diversity here. It finds that she has not.

In response to the motion to remand, Defendant argues that Plaintiff "was, at the time of the filing of this action, has been at all times since, and still is a citizen with main office in Lansing, MI. NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY is a citizen of Lansing, MI in which its main office, as set forth in its articles of Association, is located." Dkt. 8 at 4. In support of this assertion, Defendant cites *Wachovia Bank, N A. v. Schmidt*, 126 S. Ct. 941 (2006). That case does not prove anything as to Plaintiff's citizenship. Instead, it addresses the citizenship of national banking associations. Plaintiff here is a limited liability company.

The citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff argues that Nationstar is a limited liability company headquartered in Texas that is "wholly owned by two Delaware limited liability companies — Nationstar Sub1 LLC and Nationstar Sub2 LLC — that are in turn wholly owned by Nationstar Mortgage Holdings Inc., a Delaware corporation with its principal place of business in Texas." Dkt. 7 at 3. Because Nationstar Mortgage Holdings Inc. is a Delaware corporation with its principal place of business in Texas, it is a citizen of Delaware and Texas for diversity purposes. *See* 28 U.S.C. § 1332(c).

Without any evidence from Defendant to the contrary regarding the citizenship of Plaintiff's members, Plaintiff Nationstar Mortgage LLC is thus considered a citizen of Delaware and Texas for diversity purposes. Defendant is precluded from removal based on diversity of citizenship.

Finally, Defendant has not shown how this Court could have federal question over Plaintiff's claims. The underlying application under Texas Rule of Civil Procedure 736 is a narrow procedural mechanism, in which the only issue is whether the party may obtain an order to proceed with foreclosure. *See* TEX. R. CIV. P. 735 &736. It does not arise under federal law. *See Deutsche Bank Nat'l Trust Co. v. Gladle*, 2015 WL 1543194 (W.D. Tex. 2015).

There was no subject matter jurisdiction upon which to base removal, and remand is appropriate.

It is, therefore, recommended that Plaintiff's Motion to Remand (Dkt. 7) be GRANTED and that this case be remanded to 211th Judicial District Court for Denton County, Texas for further proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of September, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE