**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC D/B/A <br> CHAMPION MORTGAGE COMPANY, <br><br> Plaintiff, <br> v. <br><br> ROBERT E. BAKER, MARY JILL <br> BAKER, and ALL OTHER OCCUPANTS <br> OF 3935 SPINNAKER RUN POINT <br> LITTLE ELM, TX 75068, <br><br> Defendants. | § <br> § <br> § <br> § Civil Action No. 4:15-cv-00455 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
## AND ORDER REMANDING CASE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 18, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Remand (Dkt. # 7) be GRANTED and that this case be remanded to the 211th Judicial District Court for Denton County, Texas for further proceedings.

On October 13, 2015, *pro se* Defendant Mary Jill Baker filed her objections to the report (*see* Dkt. # 12). Plaintiff responded to those objections on October 19, 2015 (*see* Dkt. # 13).

The Court has made a *de novo* review of the objections raised by Defendant, as well as Plaintiff's response to those objections, and is of the opinion that the findings and conclusions of the

Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

There is no removal jurisdiction here. A case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). *Pro se* Defendant Mary Jill Baker concedes in her objections that she is a citizen of Texas. She is thus precluded from removal based on diversity of citizenship.

Further, nothing in Defendant's objections shows how the court would have federal question jurisdiction over Plaintiff's claims. The underlying application under Texas Rule of Civil Procedure 736 is a narrow procedural mechanism, in which the only issue is whether a party may obtain an order to proceed with foreclosure. *See* TEX. R. CIV. P. 735 & 736. It does not arise under federal law. *See Deutsche Bank Nat'l Trust Co. v. Gladle*, 2015 WL 1543194 (W.D. Tex. 2015).

The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court. There was no subject matter jurisdiction upon which to base removal, and remand is appropriate.

Therefore, Plaintiff's Motion to Remand (Dkt. # 7) is GRANTED and this case is REMANDED to the 211th Judicial District Court for Denton County, Texas for further proceedings.

So **ORDERED** and **SIGNED** this **15** day of **December, 2015.**

_____
Ron Clark, United States District Judge